Patrick A. Fraioli (SBN 191824)
  pfraioli@ecjlaw.com
Russell M. Selmont (SBN 252522)
  rselmont@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Defendant Bankrate, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| MORTGAGE GRADER, INC., | CASE NO. 8:10-CV-01521-CJC-MLG |
| Plaintiff, | **DEFENDANT BANKRATE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| LENDERFI, INC.; BANKRATE, INC.; INTERNET BRANDS, INC. d/b/a BESTRATE.COM, LOAN.COM, MORTGAGE101.COM; EMPIREAMERICA, LLC; GOLD START MORTGAGE FINANCIAL GROUP, INC. d/b/a ELK FINANCIAL; CENTO, INC. d/b/a RATECOMB.COM; DANIEL LIDGI d/b/a BETTER CHOICE LOANS; TRADEMARK LENDING d/b/a UPFRONT HOME LOANS; and NAKOMA MORTGAGE COMPANY, INC., | Before the Hon. Cormac J. Carney |
| Defendants. | |
| INTERNET BRANDS, INC. d/b/a BESTRATE.COM, LOAN.COM, MORTGAGE101.COM, | |
| Counterclaimant, | |
| v. | |
| MORTGAGE GRADER, INC., | |
| Counterdefendant. | |

IDOCS:14101.2:1148908.1

DEFENDANT BANKRATE, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Bankrate, Inc.("Bankrate" or "Defendant") answers the Complaint of Plaintiff Mortgage Grader, Inc. ("Plaintiff" or "Mortgage Grader") as follows:

## NATURE OF THE ACTION

1. Defendant denies that it is infringing the '694 patent. Defendant lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in this paragraph, and thus they are denied.

## PARTIES

2. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 2, and thus they are denied.

3. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 3, and thus they are denied.

4. Defendant admits the allegations contained in Paragraph 4 of the Complaint

5. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 5, and thus they are denied.

6. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 6, and thus they are denied.

7. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 7, and thus they are denied.

8. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 8, and thus they are denied.

9. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 9, and thus they are denied.

10. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 10, and thus they are denied.

11. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 11, and thus they are denied.

12. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 12, and thus they are denied.

13. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 13, and thus they are denied.

## JURISDICTION AND VENUE

14. Defendant admits that this Court has subject matter over cases for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 15, and thus they are denied. Defendant admits that this Court has personal jurisdiction over this Defendant.

16. Defendant denies the allegations as to Defendant, and is without sufficient knowledge or information to form a belief to the remainder of the allegations contained in Paragraph 16, and on that basis denies them.

17. Defendant admits only that venue is proper with respect to itself, but lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 17, and thus they are denied.

## COUNT 1-PATENT INFRINGEMENT

18. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 18, and thus they are denied. Defendant asserts that the patent is invalid.

19. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 19, and thus they are denied. Defendant asserts that the patent is invalid.

20. Defendant denies the allegations in Paragraph 21. Defendant asserts that the patent is invalid.

21. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 19, and thus they are denied. Defendant asserts that the patent is invalid.

22. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 19, and thus they are denied. Defendant asserts that the patent is invalid.

23. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 19, and thus they are denied. Defendant asserts that the patent is invalid.

24. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 24, and thus they are denied. Defendant asserts that the patent is invalid.

25. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 25, and thus they are denied. Defendant asserts that the patent is invalid.

26. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 26, and thus they are denied. Defendant asserts that the patent is invalid.

27. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 27, and thus they are denied. Defendant asserts that the patent is invalid. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 28, and thus they are denied. Defendant asserts that the patent is invalid.

/ / /

/ / /

28. Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in paragraph 29, and thus they are denied. Defendant asserts that the patent is invalid.

29. Defendant denies the allegations in Paragraph 30 with respect to itself and lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 30, and thus they are denied.

30. Defendant denies the allegations in Paragraph 31.

31. Defendant denies the allegations in Paragraph 32.

## JURY DEMAND

32. Paragraph 33 makes no allegations against Defendant, and thus neither admission nor denial is required.

## PRAYER FOR RELIEF

33. Defendant denies that Plaintiff is entitled to the relief sought in paragraph 34, including subparagraphs A, B, C, D, E and F thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

35. Defendant does not infringe and has never infringed, directly, indirectly, or contributorily, any valid claim of the '694 Patent, either literally or under the doctrine of equivalents, nor has Defendant induced infringement of the '694 Patent.

### Second Affirmative Defense

36. Each claim of the '694 Patent is invalid for failure to meet the conditions and requirements of patentability specified in 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

/ / /

/ / /

### Third Affirmative Defense

37. Upon information and belief, Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. §287.

### Fourth Affirmative Defense

38. Plaintiff's claims for indirect infringement are barred, in whole or in part, because there is no direct infringement.

### Fifth Affirmative Defense

39. The '694 patent is void, invalid or unenforceable due to the patentee's failure to diligently seek to enforce the patent against Defendant under the doctrines of laches and/or equitable estoppel.

### Sixth Affirmative Defense

40. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Seventh Affirmative Defense

41. Plaintiff's Complaint must be dismissed for failure to join an indispensible party.

### Eighth Affirmative Defense

42. To the extent Plaintiff sustained any damages as alleged in the Complaint, which is denied, those damages were caused or contributed to by persons and/or entities other than Defendant and, therefore, in the event that liability is found against Defendant, an apportionment or responsibility should be made as to all parties and non-parties by the Court and/or jury, and Defendant's liability, if any, should be reduced proportionally or abated entirely pursuant to the doctrines of contribution and partial and complete indemnity and other law.

### Ninth Affirmative Defense

43. On information and belief, Plaintiff is precluded from seeking recovery if its costs under 35 U.S.C. § 288.

### Tenth Affirmative Defense

44. Plaintiff is not entitled to recover any attorney's fees or costs or enhanced damages as Defendant has not willfully or intentionally committed any of the alleged actions set forth in the Complaint.

### Exceptional Case

45. Defendant requests that the Court declare that this is an exceptional case under 35 U.S.C. §285 and award Defendant its attorney's fees.

### FIRST COUNTERCLAIM-DECLARATORY JUDGMENT OF INVALIDITY OF THE '694 PATENT

46. Bankrate incorporates the allegations of paragraphs 1-29 of the Answer as if set forth herein.

47. Plaintiff's Complaint alleges that the '694 patent is valid and enforceable. Bankrate has denied these allegations and contends that the '694 patent is void, invalid and unenforceable under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116. A justiciable controversy therefore exists between Plaintiff and Bankrate with respect to this issue.

48. By this counterclaim, Bankrate seeks a declaratory judgment pursuant to 28 U.S.C. §2201(a) that the '694 patent is void, invalid and unenforceable under 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

49. A judicial declaration is necessary and appropriate at this time in order that Bankrate may ascertain its rights and duties with respect to the '694 patent.

50. On information and belief, when Plaintiff brought this action, it knew, or should have known that the '694 patent is invalid.

51. This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Bankrate is thus entitled to an award of its reasonable attorney's fees.

///

///

## SECOND COUNTERCLAIM-DECLARATION OF NON-INFRINGEMENT OF '694 PATENT

52. Bankrate incorporates the allegations of paragraph 1-29 and 46-51 as if set forth herein.

53. As a result of Plaintiff's allegations of infringement against Bankrate, an actual controversy exists whether Bankrate has infringed the '694 patent.

54. Bankrate has not infringed, whether directly or indirectly, literally or by equivalents, any valid or enforceable claim of the '694 Patent. Therefore, Bankrate is not liable for any infringement of the '694 Patent.

55. Accordingly, Bankrate is entitled to judgment from this Court finding that the '694 Patent is not infringed and has not been infringed by Bankrate.

56. On information and belief, when Plaintiff brought this action, it knew, or should have known, that the '694 patent was not infringed by Bankrate.

57. This Counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285 and Bankrate is thus entitled to an award of its reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Bankrate respectfully requests that the Court:

1. Dismiss Plaintiff's Complaint with prejudice and find that Plaintiff takes nothing by its claims;

2. Enter judgment in favor of Bankrate and against Plaintiff on all claims in the Complaint;

3. Enter a declaratory judgment that the '694 patent, or some or all of the claims therein, is void, invalid and unenforceable under one or more of the provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

4. Enter a declaratory judgment that Bankrate is not infringing and has not infringed the '694 patent or any valid asserted claim therein;

5. Deny all Plaintiff's requests for injunctive relief;

6. Enjoin Plaintiff, its officers, directors, agents, servants, employees, attorneys and any person who acts in concert or participation with Plaintiff from asserting, from threatening to assert, or otherwise attempting to enforce the '694 patent against Bankrate, its customers, suppliers, or anyone in privity with Bankrate.

7. Declare this to be an exceptional case under 35 U.S.C. §285 and award Bankrate its attorneys' fees and costs.

8. Award Bankrate such other and further relief, legal and equitable, as the Court deems proper and just.

DATED: December 17, 2010

ERVIN COHEN & JESSUP LLP
Patrick A. Fraioli
Russell M. Selmont

By: /s/
Patrick A. Fraioli
Attorneys for Defendant Bankrate, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served today, December 17, 2010 with a copy of Defendant Bankrate, Inc.'s Answer, Affirmative Defenses and Counterclaims via the Court's CM/ECF system, which will send notification of this filing to the following attorneys of record who are Filing Users of the Court's Electronic Filing System. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Steven W. Ritcheson
White Field Inc.
9800 D. Topanga Canyon Boulevard, Suite 347
Chatsworth, CA 91311
818-882-1030
818-337-0383 (fax)
swritcheson@whitefieldinc.com
**Attorney for Plaintiff/Counter Defendant Mortgage Grader Inc.**

Andrew Stephen Dallmann
Edward F. O'Connor
Travis James Burch
Eclipse Group
1920 Main Street, Suite 150
Irvine, CA 92614
949-851-5000
949-851-5051
asd@eclipsegrp.com
efo@eclipsegrp.com
tburch@eclipsegrp.com
**Attorney for Defendant/CounterClaimant Lenderfi Inc.**

IDOCS:13379.14:1149025.1

CERTIFICATE OF SERVICE

| | |
|---|---|
| 1 | Eric W. Hagen |
| 2 | McDermott Will and Emery |
|   | 2049 Century Park East, 38th Fl. |
| 3 | Los Angeles, CA 90067 |
|   | 310-277-4110 |
| 4 | ehagen@mwe.com |
| 5 | **Attorney for Defendants Empireamerica LLC and Gold Star Mortgage** |
| 6 | **Financial Group Inc. dba Elk Financial** |
| 7 | Kenneth G. Parker |
|   | Robin H. Rounaghi |
| 8 | Haynes & Boone LLP |
| 9 | 18100 Von Karman Avenue Suite 750 |
|   | Irvine, CA 92612 |
| 10 | 949-202-3014 |
| 11 | Kenneth.parker@hayenesboone.com |
|    | Robin.rounaghi@haynesboone.com |
| 12 | **Attorney for Defendant/Counter Claimant Cento Inc. dba Ratecomb.com** |
| 13 | |
| 14 | **Defendant – Daniel Lidgi dba Better Choice Loans** |
|    | **Defendant – Trademark Lending dba Upfront Home Loans** |
| 15 | **Defendant – Nakoma Mortgage Company Inc.** |
| 16 | **Represented by:** |
|    | **Charles Menzies** |
| 17 | Greenberg Traurig |
| 18 | 2450 Colorado Avenue, Suite 400E |
|    | Santa Monica, Ca 90404 |
| 19 | 310-586-7859 |
| 20 | **Donald Norman Colvin** |
|    | Donald Colvin Law Offices |
| 21 | 3419 Via Lido Suite 244 |
| 22 | Newport Beach, CA 92663 |
|    | 949-331-5599 |
| 23 | 949-281-3772 fax |
| 24 | dncolvin@gmail.com |
| 25 | /s/ Patrick Fraioli |
| 26 | Patrick Fraioli |
| 27 | |
| 28 | |

ERVIN COHEN & JESSUP LLP

IDOCS:13379.14:1149025.1

2

CERTIFICATE OF SERVICE