John W. Olivo, Jr., Esq. (*Pro Hac Vice*)
WARD & OLIVO
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
olivoj@wardolivo.com

Attorneys for Plaintiff,
MORTGAGE GRADER, INC.

Steven W. Ritcheson, Esq. (SBN 174062)
WHITE FIELD, INC.
9800 D Topanga Canyon Blvd. #347
Chatsworth, California  91311
Telephone: (818) 882-1030
Facsimile: (818) 337-0383
switcheson@whitefieldinc.com

Attorneys for Plaintiff,
MORTGAGE GRADER, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MORTGAGE GRADER, INC.<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>LENDERFI, INC., et al,<br>　　　　　　　Defendants. | Case No. SACV 10-01521-CJC (MLGx)<br><br>**RULE 26 JOINT SCHEDULING REPORT** |

IDOCS:14101.2:1196697.1

**RULE 26 JOINT SCHEDULING REPORT**
Case No.  10-cv-09220-JHN (CWx)

Plaintiff Mortgage Grader, Inc. ("Plaintiff") and Defendants BankRate, Inc., Cento, Inc., Internet Brands, Inc., and Lenderfi, Inc., (collectively, "Defendants")[1] hereby jointly submit this Rule 26 Joint Scheduling Report.

## I. STATEMENT OF THE CASE

Plaintiff filed this patent infringement suit on October 8, 2010, naming 8 companies and one individual as Defendants. In its Complaint, Plaintiff accuses the Defendants of directly infringing one or more claims of U.S. Patent No.7,366,694, titled "Credit/Financing Process" ("the '694 patent" or "the patent-in-suit").

Defendants deny infringing the patent-in-suit, which contains 37 claims. Defendants also deny that the patent-in-suit is valid or enforceable.

As of the date of this report, six (6) Defendants have answered Plaintiff's Complaint and filed counterclaims seeking declaratory judgments of non-infringement and invalidity. (Docket Nos. 30, 37, 39, 48, 59, 60.) Two (2) Defendants have been dismissed. (Docket Nos. 65, 66).

Defendant Daniel Lidgi has failed to answer or appear and Plaintiff is evaluating its claims and potential resolution.

## II. JURISDICTION

Plaintiff has sued Defendants for patent infringement pursuant to 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

---

[1] Defendant Daniel Lidgi has failed to answer the complaint or make any appearance in this case, and did not participate in the negotiation of this document. Defendant Empire America, LLC, was unable to participate in the drafting of this report due to professional conflicts and reserves the right to file a separate, amended report. In the meantime, EmpireAmerica joins the positions of the other defendants. Defendant Nakoma Mortgage Company, Inc., was inadvertently omitted from the mailing list for the draft report and did not participate in the negotiation of this document.

<mark>
<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

<mark>
<mark>
<mark>

## III. LEGAL ISSUES

1. The construction of the claims of the '694 patent.
2. The alleged infringement of the '694 patent by Defendants.
3. The defenses asserted by Defendants, including alleged invalidity of the patents in suit.
4. Plaintiff's claim for alleged damages and/or injunctive relief.

## IV. PARTIES, EVIDENCE, ETC.

Plaintiff does not anticipate that it will need to add additional parties at this time.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., do not anticipate that it will need to add additional parties at this time.

Defendant Lenderfi, Inc., has not provided its position with respect to the need to add additional parties.

## V. DAMAGES

Plaintiff seeks damages in the amount to be proven at trial, interest, attorneys' fees, costs, and any other relief that the Court deems just and equitable.

## VI. INSURANCE

Plaintiff is not aware of any relevant insurance coverage for the asserted claims or counterclaims.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., are not aware of any relevant insurance coverage for the asserted claims or counterclaims.

Defendant Lenderfi, Inc., has no information regarding any relevant insurance coverage for the asserted claims or counterclaims.

## VII. MOTIONS

No motions are pending.

Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., anticipate that they may file motions seeking summary judgment on one or more aspects of the claims, counterclaims and defenses in the litigation. Plaintiff and Defendants also expect to file pre-trial motions, such as motions in limine, and may file discovery motions if the need arises.

## VIII. MANUAL FOR COMPLEX LITIGATION

Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., do not believe all or part of the procedures of the Manual for Complex Litigation should be utilized.

## IX. STATUS OF DISCOVERY

The parties shall timely exchange Initial Disclosures pursuant to FRCP 26(a). Discovery has not yet commenced but the parties anticipate that it will begin shortly.

## X. DISCOVERY PLAN

### a. Proposed Discovery and Case Schedule

| Event: | Date: |
|---|---|
| Plaintiff to identify (1) the claims of the patents-in-suit asserted against each Defendant, up to a maximum of 10 total claims per Defendant, and<br>(2) each Defendant's product(s) against which those patent claims are asserted. | October 2, 2011 |
| Defendants to identify (1) all prior art to be used as the basis, either in whole, or in part, to prove the invalidity of any claim of the patents-in-suit; (2) the claims for each piece of prior art renders invalid; and (3) the basis for each assertion of invalidity for each claim. | November 15, 2011 |
| Rule 26(a)(1) Initial Disclosures | June 1, 2011 |
| Deadline to – without leave of Court – either add parties, or amend pleadings | August 12, 2011 |
| Parties Exchange Proposed Terms for Claim Construction | December 16, 2011 |

| | |
|---|---|
| Parties Exchange Proposed Claim Constructions and any Supporting Extrinsic Evidence | January 14, 2012 |
| Joint Claim Construction Statement Due | February 4, 2012 |
| Opening Claim Construction Briefs Due | February 18, 2012 |
| Responsive Claim Construction Briefs Due | March 4, 2012 |
| Reply Claim Construction Briefs Due | March 18, 2012 |
| Claim Construction Chart Due | April 7, 2012 |
| Claim Construction Hearing | April 21, 2012 (or at Court's convenience) |
| Close of Fact Discovery (*i.e.*, all fact discovery must be served in time to be completed by this date) | July 13, 2012 |
| Opening Expert Reports Due (from parties bearing burden of proof) | July 10, 2012 |
| Rebuttal Expert Reports Due (from parties that do not bear the burden of proof) | August 15, 2012 |
| Close of Expert Discovery (*i.e.*, all expert discovery must be served in time to be completed by this date) | October 15, 2012 |
| Filing Deadline for Dispositive Motions | November 9, 2012 |
| Final Pretrial Conference | [To be discussed.] |
| Jury Selection and Trial Setting | [To be discussed.] |

### b. Discovery Limitations

Plaintiff proposes that the term "Side" shall mean a party or a group of parties with a common interest.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., do not believe that the term "side" should define or control the number of discovery requests of any party.

### i. Discovery Requests

Plaintiff proposes that each side may serve up to twenty (20) common interrogatories. Plaintiff further proposes that Plaintiff may serve up to

fifteen (15) additional interrogatories on each defendant, and each defendant may serve up to fifteen (15) additional interrogatories on Plaintiff.  In addition, Plaintiff proposes that each side may serve up to twenty (20) common requests for admission, that Plaintiff may serve up to fifteen (15) additional requests for admission on each defendant, and that each defendant may serve up to fifteen (15) additional requests for admission on Plaintiff.  Finally, Plaintiff proposes that Plaintiff and Defendants may serve unlimited requests for admission for the purpose of authenticating documents.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that each party, whether Plaintiff or Defendant, may serve up to thirty-five (35) interrogatories.  In addition, Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that each side may serve unlimited requests for admission relating to (a) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents.

Defendant Lenderfi, Inc., has no position with respect to the proposals in this section.

### ii. Depositions of Parties and Third-Parties

Plaintiff proposes that Defendants shall be collectively entitled to twenty four (24) hours of Rule 30(b)(6) depositions of Plaintiff and forty (40) hours of depositions of individual witnesses under the control of Plaintiff.  Plaintiff further proposes that it shall be entitled to sixteen (16) hours of Rule 30(b)(6) deposition time to each defendant, and thirty (30) hours of deposition time of individual witnesses under control of each defendant.  Finally, Plaintiff proposes that each side shall be entitled to sixty (60) hours of non-expert third party depositions.

Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that each party, whether Plaintiff or Defendant, shall have no limits on the number or hours of depositions other than those specified in the Federal Rules of Civil Procedure.

### iii. Experts

Plaintiff proposes that Plaintiff shall be entitled to up to three (3) expert witnesses. Plaintiff further proposes that Defendants shall be entitled to one (1) collective expert witness and that each defendant shall be entitled to up to two (2) additional expert witnesses. In addition, Plaintiff proposes that the parties shall be entitled to up to ten (10) hours of deposition testimony from an expert per expert report that has been submitted.

Plaintiff proposes the following. A testifying expert's draft reports, notes, outlines, and any other writings relating to this case leading up to his or her final report(s) in this case created after the filing date of this lawsuit are exempt from discovery, unless relied upon by the expert in forming his or her opinions. In addition, communications (whether oral or written) between or among experts retained by counsel (or the experts' assistants) and the retaining party's in-house or outside counsel, <u>occurring after the filing date of this lawsuit,</u> are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his or her final report and all materials on which he or she relied. To the extent that the expert relies upon information that has been previously produced, the expert may identify such documents by Bates number in lieu of producing such information. Notwithstanding the above exclusions, the following shall be discoverable during discovery and/or usable at trial: (i) notes, documents, work product or communications that have been relied upon by an expert in the formulation of his or her opinions in this lawsuit; and (ii) compensation arrangements and

1   compensation related documents for experts (e.g., an expert's bill and
2   invoices to his or her client(s) regarding the litigation<u>, which may be redacted</u>
3   <u>as necessary for attorney-client privilege, work-product protection, or any</u>
4   <u>other privilege or protection</u>).

5   Defendant Lenderfi, Inc., agrees with Plaintiff's proposal except that it
6   opposes any limitation on experts or expert discovery at this time.

7   Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc.,
8   propose that each party, whether Plaintiff or Defendant, shall be entitled to
9   up to three (3) expert witnesses. In addition, Defendants Cento, Inc.,
10  Bankrate, Inc., and Internet Brands, Inc., propose that the parties shall be
11  entitled to up to ten (10) hours of deposition testimony from an expert per
12  expert report that has been submitted.

13  Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc.,
14  propose the following. A testifying expert's draft reports, notes, outlines,
15  and any other writings relating to this case leading up to his or her final
16  report(s) in this case created after the filing date of this lawsuit are exempt
17  from discovery, unless relied upon by the expert in forming his or her
18  opinions. In addition, communications (whether oral or written) between or
19  among experts retained by counsel (or the experts' assistants) and the
20  retaining party's in-house or outside counsel, <u>occurring after the filing date of</u>
21  <u>this lawsuit,</u> are exempt from discovery unless relied upon by the expert in
22  forming his opinions. The expert must produce his or her final report and all
23  materials on which he or she relied. To the extent that the expert relies upon
24  information that has been previously produced, the expert may identify such
25  documents by Bates number in lieu of producing such information.
26  Notwithstanding the above exclusions, the following shall be discoverable
27  during discovery and/or usable at trial: (i) notes, documents, work product or
28

communications that have been relied upon by an expert in the formulation of his or her opinions in this lawsuit; and (ii) compensation arrangements and compensation related documents for experts (e.g., an expert's bill and invoices to his or her client(s) regarding the litigation<u>, which may be redacted as necessary for attorney-client privilege, work-product protection, or any other privilege or protection</u>).

### iv. Privilege Log

Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that the parties log privileged and/or work product documents and produce privilege logs in accordance with Fed. R. Civ. P. 26(b)(5)(A)(ii) within thirty (30) days of the date on which non-privileged documents are produced in response to a request also encompassing such privileged documents or sixty (60) days of the date on which such documents were the subject of a discovery request, whichever is later.  Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., further propose that privileged and/or work product documents created by any party after the filing of the Complaint do not need to be logged.

### v. Modification

The above limitations may be modified by agreement of the parties and by further Order of the Court.

## XI.  DISCOVERY CUT-OFF

Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that fact discovery shall be completed by July 13, 2012 in order to permit the parties additional discovery after any claim construction.

## XII. DISPOSITIVE MOTIONS

Plaintiff believes that each of its claims of infringement may be determined by motion for summary judgment.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., believe that each of its defenses, including non-infringement and the invalidity of the patent, may be determined by motion for summary judgment.

Defendant Lenderfi, Inc., has no position at this time.

## XIII. SETTLEMENT

Plaintiff has initiated settlement discussions with most of the Defendants. These discussions have led to resolution of Plaintiff's claims against Trademark Lending and Gold Star Mortgage Financial Group, Inc.

Plaintiff has engaged several other defendants in settlement discussions, which are ongoing.

Plaintiff and Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., propose that the parties engage in private mediation in the event that efforts to resolve this matter are unsuccessful between the parties.

## XIV. TRIAL ESTIMATE

Plaintiff has requested a jury trial. Plaintiff believes that the time required for trial will depend on the number of defendants remaining in the case. Plaintiff anticipates that trial will last approximately 4 days for each defendant remaining in the case at the time of trial.

Plaintiff and Defendant Lenderfi, Inc., propose that trial be scheduled for December 2012 at the Court's convenience.

Defendants Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., proposes that the trial be Scheduled for March 2013 at the Court's convenience.

### XV. TRIAL COUNSEL

Plaintiff's counsel shall be Steven W. Ritcheson, Esq. of White Field, Inc.

Defendant Lenderfi, Inc.'s, counsel shall be Edward O'Connor and Travis Burch of the Eclipse Group, LLC.

Defendants Bankrate, Inc., and Internet Brands, Inc.'s, counsel shall be Patrick A. Fraioli, of Ervin Cohen & Jessup and Michael Adams of Winstead PC.

Defendant Cento, Inc.'s, counsel shall be Peyton Healey and Patrick Powers of Powers Taylor, LLP.

### XVI. INDEPENDENT EXPERT OR MASTER

The parties do not believe this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

### XVII. OTHER ISSUES

Plaintiff believes that a separate Claim Construction (*Markman*) Hearing, would advance resolution of this case, which would include the exchange of infringement and invalidity contentions, exchange of the parties' claim construction arguments, and briefing of select claim construction terms.

Plaintiff is not aware of any other issues affecting the status or management of the case that should be addressed at this time.

Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., believe that a separate Claim Construction (*Markman*) Hearing,

would advance resolution of this case, which would include the exchange of infringement and invalidity contentions, exchange of the parties' claim construction arguments, and briefing of select claim construction terms.

Defendants Lenderfi, Inc., Cento, Inc., Bankrate, Inc., and Internet Brands, Inc., are not aware of any other issues affecting the status or management of the case that should be addressed at this time.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: April 4, 2011   */s/ Steven W. Ritcheson*
   Steven W. Ritcheson
   Attorney for Plaintiff
   Mortgage Grader, Inc.

**ERVIN COHEN & JESSUP, LLP**

Dated: April 4, 2011   */s/ Russell M. Selmont*
   Russell M. Selmont
   Attorney for Defendants
   BankRate, Inc., and Internet Brands, Inc.

**ECLIPSE GROUP, LLP**

Dated: April 4, 2011   */s/ Edward O'Connor*
   Edward O'Connor
   Attorney for Defendant
   Lenderfi, Inc.

**POWERS TAYLOR, LLP**

Dated: April 4, 2011   */s/ Patrick W. Powers*
   Patrick W. Powers
   Attorney for Defendant
   Cento, Inc.